UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

TIMOTHY THOMAS SIMS,

    Defendant.
_____/

Case No. 1:11-cr-37

HON. JANET T. NEFF

**OPINION**

This Court rendered its oral decision on October 21, 2011 to grant Defendant's renewed Motion in Limine (Dkt 87) and deny the government's oral motion to use at trial the factual admissions Defendant made during the Plea Hearing. An effectuating order was entered October 24, 2011 (Dkt 115). The Court now issues this written opinion to provide greater detail regarding the reasons for its decision.

**I. Background**

Defendant was charged in the Second Superseding Indictment (Dkt 77) with five counts. The first set of charges, Counts One through Three, charge Defendant with attempted Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e), specifically, that Defendant "surreptitiously created a video of a girl, M.P., who was approximately fourteen years old, while she was dressing in her bedroom." The remaining two charges against Defendant are Counts Four and Seven. Count Four charges Defendant with Possession of Images of a Minor Engaging in Sexually Explicit Conduct, 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and concerns possession of three categories

of images: (1) the videos charged in Counts One through Three; (2) images the co-defendant in this case, Andrea Mast, created and emailed Defendant of her then seven-year-old daughter, B.M.; and (3) two discs containing over eighty images of child pornography. Count Seven charges Defendant with Receipt of Images of a Minor Engaging in Sexually Explicit Conduct, 18 U.S.C. § 2252(a)(4)(B) and (b)(1), and concerns the images of B.M. sent by Andrea Mast to Defendant.

The Court noticed trial for Tuesday, October 25, 2011. At the Final Pretrial Conference on Monday, October 17, 2011, the Court heard argument on two motions Defendant had filed: a Motion to Sever (Dkt 85), in which Defendant sought to sever Counts One through Three from Counts Four and Seven; and a Motion in Limine (Dkt 87), in which Defendant sought to exclude four different categories of evidence from admission at trial. The Court denied the Motion to Sever from the bench. The Court granted in part Defendant's Motion in Limine, excluding from trial certain evidence concerning adult pornography and text messaging; however, the Court denied Defendant's Motion in Limine as to other evidence pertaining to Counts Four and Seven, to wit: the discs containing child pornography and certain emails between Defendant and Andrea Mast. The Court entered an Order the next day to effectuate its bench rulings (Dkt 103).

Subsequently, on Friday, October 21, 2011, Defendant pleaded guilty to Counts Four and Seven of the Second Superseding Indictment against him and orally renewed his Motion in Limine, specifically requesting reconsideration of this Court's decision to deny in part his motion. The government opposed Defendant's motion and argued under Federal Rule of Evidence 414 that the Court should permit the government to introduce not only the evidence relating to Counts Four and Seven but also Defendant's factual admissions as part of his guilty pleas to those two counts. The

Court granted Defendant's renewed motion and denied the government's oral request from the bench, entering an Order to effectuate its bench ruling on October 24, 2011 (Dkt 115).

## II. Motion Standard

Federal Rule of Evidence 414 creates an exception to the general ban on propensity evidence contained in Federal Rule of Evidence 404(b). *United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006). Rule 414(a) provides that, "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." FED. R. EVID. 414(a). The term "child molestation" encompasses conduct involving the possession and receipt of child pornography. *See* FED. R. EVID. 414(d).

Federal Rule of Evidence 403 requires the exclusion of relevant evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FED. R. EVID. 403. "Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Notes on FED. R. EVID. 403, cited approvingly in *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Like other circuits, the Sixth Circuit Court of Appeals has held that "Rule 403, which balances the probative value of relevant evidence against the 'danger of unfair prejudice, confusion of the issues, or misleading the jury,' applies to evidence that would be otherwise admissible under [Rule 414]." *Seymour,* 468 F.3d at 385; *see also United States v. Loughry*, No. 10-2967, ___ F.3d ___ , 2011 WL 4790540, at *4 (7th Cir. Oct. 11, 2011) ("Rule 403 remains an important safeguard against the admission of prejudicial evidence that is otherwise admissible under Rule 414") (internal

3

quotation omitted); *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("there is nothing fundamentally unfair about the allowance of propensity evidence under Rule 414. . . .[a]s long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury"); *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998) ("application of Rule 403 to Rule 414 evidence eliminates the due process concerns posed by Rule 414"). In short, "[t]here should therefore be no question that although evidence cannot be excluded under Rule 403 simply because it tends to show that the defendant has a propensity to commit a sex offense, Rule 403 continues to rigorously apply to Rule 414 evidence." *Loughry, supra.*

When balancing the prior acts evidence under Rule 403, then, "the district court should not alter its normal process of weighing the probative value of the evidence against the danger of unfair prejudice." *United States v. Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998). Propensity evidence has indisputable probative value. *Guardia, supra.* "That value in a given case will depend on innumerable considerations, including the similarity of the prior acts to the acts charged, *see United States v. Edwards*, 69 F.3d 419, 436 (10th Cir. 1995), cert. denied, 517 U.S. 1243, 116 S. Ct. 2497, 135 L. Ed. 2d 189 (1996), the closeness in time of the prior acts to the charged acts, *see id.*, the frequency of the prior acts, the presence or lack of intervening events, *see United States v. Wacker*, 72 F.3d 1453, 1469 (10th Cir.), cert. denied, 519 U.S. 848, 117 S. Ct. 136, 136 L. Ed. 2d 84 (1996), and the need for evidence beyond the testimony of the defendant and alleged victim." *Id. See also Seymour,* 468 F.3d at 385-86; *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 156 (3d Cir. 2002); *United States v. Gould*, No. 1:08-cr-186, 2009 WL 321602, at *1 (W.D. Mich. Feb. 10, 2009). Because of the sensitive nature of the balancing test in these cases, it is particularly important for

a district court to fully evaluate the proffered evidence and make a clear record of the reasoning behind its findings. *Guardia, supra.*

### III. Discussion

1. *Dissimilarities.* Turning to the first factor that may be considered in weighing the probative value against the prejudicial effect, the Court finds the prior acts evidence involving B.M. is dissimilar from the current charges involving M.P. The current charges involve three videos surreptitiously filmed of M.P., a teenage girl, while she was dressing after taking a shower. Defendant has challenged whether the images of M.P. in the videos are "lascivious" within the meaning of the statute. In contrast, the prior acts evidence consists of the still images Andrea Mast took of her then seven-year-old daughter, B.M., and emailed to Defendant. Neither side disputes that both the posed photographs of B.M. and the numerous images on the discs contain lascivious exhibitions of the pubic areas of prepubescent girls.

The Court is persuaded that the prior acts evidence is dissimilar in nature, circumstances, and victim characteristics to the acts to be proved at trial. Indeed, like the evidence of prior acts considered in *Hough* and *Stout*, the evidence of prior acts in this case is "more lurid and frankly more interesting than the evidence surrounding the actual charges," and there is a danger the jury would pay undue attention to proof of the prior acts. *See United States v. Hough*, 385 F. App'x 535, 538 (6th Cir. 2010) (affirming, on similar facts, the district court's decision to exclude FED. R. EVID. 414 evidence under FED. R. EVID. 403); *United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007) (same).

2. *Temporal Proximity.* On the second factor, the closeness in time between the prior acts and the charged conduct, the Court finds the prior acts and the charged conduct share a temporal

5

proximity. Based on the factual allegations set forth in the Second Superseding Indictment, the videos of M.P. were filmed in September 2010 and the images of B.M. were produced by Andrea Mast and received by Defendant in November 2010. While the close temporal proximity with the charged conduct would normally increase the probative value of the prior acts, the Court finds that proposition less true in this case, given the dissimilarities between the prior acts and the charged conduct.

3. *Frequency/Intervening Acts.* The next factors that may be considered in weighing the probative value against the prejudicial effect, the "frequency" of the alleged prior acts and the presence or lack of intervening events, are not necessarily helpful here, given the nature of the offenses in this case. As has been observed, "child pornography is not a fleeting crime," and pornographic images are generally kept for lengthy periods of time. *See United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009).

4. *Relationship.* Similarly, with regard to the fourth factor that may be considered in weighing the probative value against the prejudicial effect, the evidence of a relationship between the victims and Defendant, the Court finds no inference to be drawn that points toward either inclusion or exclusion of the prior acts evidence.

5. *Need for the Evidence.* Turning to the last factor that may be considered in weighing the probative value against the prejudicial effect, the need for the evidence, the statute requires proof that the employment or use of the minor was accomplished "with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). The government strenuously argued at Defendant's Plea Hearing that the evidence would help the government in proving that, in creating the videos of M.P., Defendant had

the specific intent to produce a video that depicted the lascivious exhibition of the victim's pubic area. The government's need for the evidence, however, "does not make the evidence more likely to prove that which it is offered to prove." *Stout*, 509 F.3d at 800. "Probative value and need for the evidence are separate considerations that weigh in favor of admission under the Rule 403 balancing test." *Id.*

The Court agrees that Defendant's possession of pornographic images of prepubescent girls is evidence relevant to proving Defendant's general intentions in filming the teenaged victim in Counts One through Three; however, the Court is not convinced that the need for the evidence is as great as the government posits. From the arguments the Court has heard thus far in this case, Defendant's apparent defense to Counts One through Three is that the videos of M.P. do not depict the lascivious exhibition of the victim's pubic area, as required by statute and construed in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986). *Contrast United States v. Wales*, 127 F. App'x 424, 432 (10th Cir. 2005) (discussing cases where the defendant was charged with attempted violation of § 2251 because no pictures were in fact taken, where the minor girl was a fictitious person). The pivotal issue at Defendant's trial will apparently be not whether Defendant was motivated to create such a video, but whether he "did some overt act that was a substantial step towards committing the crime of producing images of a minor engaged in sexually explicit conduct" (Gov't Trial Br., Dkt 90 at 8).

In sum, the Court finds that the balance of factors strikes in favor of exclusion. Admission of the prior acts evidence could create unfair prejudice by inflaming the jury and possibly lead to a decision to convict Defendant for the prior acts, and not because the evidence demonstrated his guilt of the conduct charged in Counts One through Three. Like the concern of the trial court judge

7

in *Hough* that admission would "turn the focus of the trial from the current charges to [the defendant's] prior acts," the Court's overriding concern here is that the emotional impact of the nature and circumstances of the images of B.M., produced and distributed by her mother, as well as the sheer numerosity of the images on the discs, would distract the jury from the evidence on the actual charges against Defendant. *Hough*, 385 F. App'x at 538 (affirming the district court's discretionary decision to exclude the prior acts evidence under Rule 403); *see also Stout*, 509 F.3d at 801 ("Any jury will be more alarmed and disgusted by the prior acts than the actual charged conduct."). Moreover, the Court is not convinced that a limiting instruction to the jury could cure the risk of the unfair prejudice resulting from admission of the prior acts at trial. Therefore, the Court exercises its discretion to exclude the prior acts from Defendant's trial.

## IV. Conclusion

For the reasons stated above and on the record on October 21, 2011, the Court grants Defendant's renewed Motion in Limine and denies the government's oral request to use Defendant's factual admissions from his Plea Hearing.


Date: October 27, 2011                        /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                United States District Judge